**LOUISIANA RY. & NAV. CO. OF TEXAS v. POTEET. (No. 9570.)**

(Court of Civil Appeals of Texas. Dallas. March 13, 1926.)

**Railroads ⬅️484(1) — Evidence of railroad's negligence causing fire held insufficient for jury.**

Evidence *held* not to show liability of railroad for burning plaintiff's straw stack, either from sparks from engine or fire from right of way, and a peremptory charge for defendant should have been given.

Appeal from Hunt County Court; Olin P. McWhirter, Judge.

Suit by G. H. Poteet against the Louisiana Railway & Navigation Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

McMahan & Dohoney, of Greenville, for appellant.

Clark & Clark, of Greenville, for appellee.

VAUGHAN, J. This is an appeal from a judgment for $75, rendered November 6, 1924, against appellant. This cause reached the county court on an appeal from justice court, precinct No. 1, Hunt county, and was tried in

said county court on the following statement of appellee's cause of action:

"Plaintiff shows to the court that, on or about August 11, 1923, he was the owner of an oat straw stack, and that defendant negligently permitted combustible matter, consisting of weeds, grass, etc., to accumulate upon its right of way, and that fire was negligently permitted to ignite same and spread to plaintiff's adjoining premises, and thereby burned up said oat straw stack, which was of the reasonable value of $200, for which plaintiff sues and prays judgment."

Appellant's answer consisted of several pleas, of which, however, it is only necessary to note the general denial, which put appellee on proof of his cause of action as alleged. The cause was tried to a jury, which resulted in a verdict in favor of appellee, on which the judgment appealed from was rendered.

The appellant requested the following charge, which the court refused to give to the jury:

"The evidence in the case is not sufficient to authorize a verdict and judgment for the plaintiff; you will therefore find for the defendant,"

—and presents said refusal of the court by appropriate assignment of error.

We have carefully considered the statement of facts for the purpose of ascertaining whether or not there is any evidence on which the court was required to submit the case to the jury, for, if not, appellant's assignment of error, based on the refusal of the court to give said peremptory instruction, should be sustained, thereby determining the appeal without considering the other questions presented.

The following is all of the evidence bearing upon the origin of, and negligence responsible for, the fire alleged to have destroyed appellee's haystack. Appellee testified:

"The place where the straw stack stood is about 100 yards from the right of way fence. My farm extends south, and it is a strip south of the railroad, and part of my farm is north of my little pasture. It burned up to the little string of fence that runs south to the southwest corner of my yard. A little of the east end of my pasture lot burned off when this fire occurred. The public road is some distance south from where I live, about one-fourth to one-half mile and about one-mile north; the road ends at my house. During the time I lived there, I frequently saw people, men, women, or anybody, walking along that right of way, going east or west, sometimes just any time of the day; I knew people did pass along there and would be smoking, and that the grass on the right of way might get on fire from people smoking."

Mrs. Poteet, the wife of appellee, testified:

"I remember the occasion of the straw stack burning out where I live about the 1st or 4th of August, 1923. When I noticed it, it was down towards the right of way, about 75 yards south of my house. The wind was blowing from the south that day. My children and I went to sleep after dinner, and when I awoke the straw stack was burning. The fire had not burned up over across to my house, but it burned up close afterwards. There is a pool west of my house, and the weeds and grass were tramped down around the pool, and there was no vegetation growing around the pool. The straw stack was west of that pool, towards the edge of the timber. When I awoke, the fire had not spread so awful much; it was burning from the straw stack down to the south fence of my little pasture lot. The south fence of my pasture lot is the railroad right of way fence, and it was burning down that way. When I awoke, the entire stack of straw had not burned up."

Mr. ——— Mitchell testified as follows:

"I am a locomotive engineer in the service of appellant, and was in August, 1923. I was on the run 25—26 mixed from Greenville to McKinney, and returned on the 4th day of August, 1923; left Greenville at 7:30 a. m. and arrived at McKinney don't know what time. I got back at 7:55 p. m. I know the point out 2 or 3 miles east of Floyd between Greenville and Floyd where a straw stack burned on that date. There was no fire that morning as I passed along there. I was operating an oil burner engine, which does not drop any coals or sparks. I noticed the straw stack was smouldering and had not entirely burned up as we returned."

Mr. T. J. Looney testified that he was a conductor in the service of appellant, and that he kept a train book that shows the time of departure from terminals and arrival at terminals, and delays between terminals; that his train book showed that on August 4, 1923, said train left Greenville at 7:30 a. m.; that he was delayed between Greenville and Floyd 15 minutes; that he arrived at McKinney at 1:14 p. m. and left McKinney at 3:20 p. m., returning to Greenville.

The evidence not only fails to show that appellant, through its agents, servants, or employés operating its trains, was in any respect responsible for the fire, but, to the contrary, it clearly shows beyond the peradventure of a doubt that appellant did not negligently permit fire to ignite combustible matters consisting of weeds, grass, etc., that had accumulated upon its right of way, and thereby burn its way to and destroy said oat straw stack. The testimony of Mrs. Poteet clearly excludes the idea that the fire originated on appellant's right of way, to wit:

"It (meaning the fire) was burning from the straw stack down to the south fence of my little pasture lot; the south fence of my pasture lot is the railroad right of way fence, and it was burning down that way."

As to the location of the straw stack with reference to the appellant's right of way and appellee's house, appellee testified:

"The Louisiana Railway & Navigation Company of Texas' railroad runs east and west about 75 yards of my house. My house faces south and has a south porch. I had a straw

stack that was situated about 120 or 150 yards north of the railroad."

From this testimony it is conclusive that the fire could not have originated and been communicated to appellee's straw stack as alleged by him. Assuming that appellee, in addition to the grounds of negligence alleged, had alleged that the fire that destroyed his straw stack was due to the imperfect and defective condition of the spark arrester of said locomotive, and to the negligent manner in which same was operated, whereby said locomotive was permitted to, and did, emit live sparks of fire which fell upon appellee's premises, starting and causing a fire which destroyed said straw stack, nevertheless a recovery could not be had under the proof in reference to the origin of the fire, as same shows affirmatively that the fire could not have originated on account of any defect in the spark arrester of the locomotive whereby sparks were emitted sufficient to ignite appellee's straw stack, or that the fire was due to any negligence on the part of the employés in charge of appellant's train and locomotive passing near the scene of the fire over its right of way.

By reason of the failure of the evidence to establish a cause of action as alleged, the trial court erred in refusing to give the peremptory charge requested by appellant; therefore said judgment should be reversed and rendered that appellee take nothing by his suit, and that appellant recover costs incurred in all courts, and it is so ordered.

Reversed and rendered.